El Juez Presidente Sr. Hernández no formó parte del tribunal en la vista de esta moción.

---

BELAVAL, DEMANDANTE Y APELADO, v. TODD, ALCALDE DE SAN JUAN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de *mandamus*.

MOCIÓN del apelado para que se desestime la apelación.

No. ——.—Resuelto en noviembre 16, 1914.

DESESTIMACIÓN DE APELACIÓN—REGLA 59 DE ESTE TRIBUNAL.—La regla 59 invocada en este caso como fundamento de la moción de desestimación de la apelación, abarca tres motivos fundamentales para desestimar una apelación, a saber: que no haya sido proseguida por el apelante con la diligencia debida, o de buena fe, o que sea frívola. Y *se resolvió* que ninguno de estos motivos se ha probado plenamente que exista en este caso.

ID.—DILIGENCIA DEL APELANTE—PETICIÓN DE VARIAS PRÓRROGAS PARA PRESENTAR LA EXPOSICIÓN DEL CASO.—Aun cuando las circunstancias de no pedir la parte apelante las notas al taquígrafo hasta el 8 de junio, habiendo establecido esta apelación el 24 de mayo de 1914 y de no insistirse y esperar hasta el mes de septiembre en que fueron entregadas y de no presentarse la exposición del caso dentro del amplio término concedido y solicitarse para ello nuevas prórrogas, revelan muy poca o ninguna actividad por parte del apelado en la preparación del recurso, no constituyen por sí solas prueba plena de la falta de diligencia que exige la regla 59 de este tribunal para desestimar una apelación por ese único fundamento.

ID.—MOCIÓN FUNDADA EN LA REGLA 59 DE ESTA CORTE—PRÓRROGAS INDEFINIDAS.—Fundada una moción para desestimar una apelación en la regla 59 de esta corte, no cabe resolver dentro de esa moción la cuestión planteada por el apelado de que es nula una prórroga de 30 días contados a partir de la entrega de las notas del taquígrafo, porque el término fijado no es definido.

Los hechos están expresados en la opinión.

Abogados del apelado: *Sres. Horacio S. Belaval y Eduardo Acuña.*

Abogado del apelante: *Sr. Ramón Falcón.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El demandante y apelado, por medio de sus abogados, presentó una moción a esta corte solicitando la desestimación del recurso de acuerdo con lo dispuesto en la regla 59 de las de este tribunal.

Dicha regla dice así:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

En el caso de *Vega et al.* v. *Rodríguez et al.,* 19 D. P. R., 1003, 1004, este tribunal interpretó la regla transcrita del siguiente modo:

"Para que esta corte pueda desestimar una apelación de acuerdo con la regla 59, no basta el mero transcurso de noventa días desde la interposición del recurso sin que se haya radicado la transcripción de autos en esta corte, sino que debe probarse además que la apelación no se ha proseguido con la debida diligencia, o de buena fe, o que es frívola."

En el caso que está sometido a nuestra consideración resulta de los documentos presentados que se estableció la apelación el 24 de mayo de 1914, que el 29 de mayo de 1914 se solicitó y se obtuvo una prórroga de treinta días contados a partir de la entrega de las notas taquigráficas para archivar el pliego de excepciones; que la corte sentenciadora comenzó su período de vacaciones el 1°. de junio de 1914 y lo terminó el 31 de julio de 1914; que las notas del taquígrafo fueron entregadas a la parte apelante el 8 de septiembre de 1914; que el 2 de octubre de 1914 el apelante solicitó una nueva prórroga de treinta días y le fué concedida una de quince contados a partir del 8 de dicho mes; que el 20 de

octubre de 1914 la parte apelante solicitó otra nueva prórroga de diez días y le fué concedida una de cinco; que la parte apelada, que hasta entonces no había hecho objeción alguna, el 26 de octubre de 1914 presentó una moción a la corte sentenciadora pidiéndole que reconsiderara sus órdenes anteriores y dejara sin efecto la primera y subsiguientes prórrogas concedidas al apelante. Argumentada dicha moción ante la corte sentenciadora, fué declarada sin lugar el 28 de octubre de 1914. También resulta de los documentos presentados, que hasta el 8 de junio de 1914 la parte demandada y apelante no solicitó del taquígrafo las notas por él tomadas en el acto de la vista.

La parte promovente de la moción que estamos considerando no ha intentado demostrar siquiera que la apelación interpuesta en este caso sea frívola. Su contención se basa en la falta de diligencia y tal vez en la mala fe de la parte apelante. Con respecto a la mala fe, no hay prueba alguna, y con respecto a la falta de diligencia, aun cuando en verdad las circunstancias de no pedirse las notas al taquígrafo hasta el 8 de junio, de no insistirse y esperar hasta el mes de septiembre en que fueron entregadas y de no presentarse la exposición dentro del amplio término concedido y solicitarse para ello nuevas prórrogas, revelan muy poca o ninguna actividad por parte del apelante en la preparación del recurso, no constituyen una prueba plena de la falta de diligencia que nuestra regla exige para que tomando tal hecho y solamente tal hecho como base pueda desestimarse un recurso de apelación sin entrar a considerarlo en su fondo, tanto más cuanto que sometido el caso a la corte sentenciadora, que estaba indudablemente en mejores condiciones que nosotros para juzgarlo, fué decidido en contra del demandante.

En su moción y en su alegato en apoyo de la misma, la parte demandante y apelada levanta y argumenta una importante cuestión de derecho, a saber: la de que, a su juicio, la

prórroga de treinta días contados a partir de la entrega de las notas del taquígrafo que se concediera por la corte de distrito al apelante, es nula porque el término fijado no es definido.

Tal y como ha sido planteada la petición de desestimación del recurso, no cabe discutir ni por consiguiente resolver la cuestión a que nos hemos referido en el párrafo que antecede.

La regla 59 invocada abarca tres motivos fundamentales para desestimar una apelación, a saber: que no haya sido proseguida por el apelante con la diligencia debida, o de buena fe, o que sea frívola. Ya hemos visto que ninguno de esos motivos se ha probado plenamente que exista en este caso.

Si se resolviera de conformidad con el peticionario que la prórroga de treinta días contados a partir de la entrega de las notas taquígraficas era nula, entonces tendríamos que concluir no que se había dejado de proseguir el recurso con la debida diligencia o buena fe, sino que no existía exposición del caso alguna que pudiera considerarse válidamente por este tribunal en esta apelación, y el estado de derecho del asunto sería, en tal virtud, completamente distinto.

Limitándonos, pues, a decidir la cuestión, tal y como ha sido planteada, opinamos que debe declararse sin lugar la moción del demandante y apelado pidiendo la desestimación del recurso, sin perjuicio de los derechos que puedan asistir a dicha parte.

> *Denegada la moción sin perjuicio de los derechos de la parte.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no formó parte del tribunal en la vista de esta moción.